IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LUIS OMAR ALVAREZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> IRON WORKERS UNION LOCAL 709, ) <br> INTERNATIONAL ASSOCIATION OF ) <br> BRIDGE, STRUCTURAL, ORNAMENTAL ) <br> AND REINFORCING IRON WORKERS; ) <br> MR. ERIC DEAN, President in/for ) <br> the International Association ) <br> of Bridge, Structural, ) <br> Ornamental and Reinforcing Iron ) <br> Workers; MR. WILLIAM MCMILLAN, ) <br> Financial Secretary Treasurer ) <br> and Business Manager-FSTBM-for ) <br> Iron Workers Union Local 709; ) <br> MR. DERRICK SAMPLE, President ) <br> in/for Iron Workers Union Local ) <br> 709; and UNITED STATES ) <br> DEPARTMENT OF LABOR; ) <br> ) <br> Defendants. ) <br> ) | CASE NO. CV422-087 |

**O R D E R**

Before the Court is the Magistrate Judge's January 12, 2023, Report and Recommendation (Doc. 29) on Defendant United States Department of Labor's ("DOL") Motion to Dismiss (Doc. 19) and Defendants International Association of Bridge, Structural, Ornamental, and Reinforcing Iron Workers ("IA"), Iron Workers Union Local 709 ("Local 709"), Eric Dean, William McMillan, and Derrick Sample's (collectively, the "Union Defendants") Partial Motion to Dismiss (Doc. 14). The Magistrate Judge recommended

granting Defendant DOL's motion to dismiss and granting in part the Union Defendants' motion to dismiss but afforded Plaintiff the opportunity to file an amended complaint to add allegations addressing Count 11. (Doc. 29 at 33-34.) On January 26, 2023, Plaintiff complied. (Doc. 30.) Although Plaintiff did not submit a separate filing, the Court charitably construes several allegations in the amended complaint as objections to the Magistrate Judge's report and recommendation. After a careful review of the record, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the report and recommendation as herein modified as the Court's opinion in this case.[1] (Doc. 29.)

I.  BACKGROUND

Plaintiff filed an eleven-count Complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII") (Counts 1-3) and the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 401, et seq. ("LMRDA") (Counts 4-11). (Doc. 1 at 14-33.) Defendant DOL moved to dismiss all of Plaintiff's claims against it (Doc. 19), and the Union Defendants

---

[1] The Court reviews de novo a magistrate judge's findings to which a party objects, and the Court reviews for clear error the portions of a report and recommendation to which a party does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (outlining the standard of review for report and recommendations (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam))). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

moved to dismiss several of Plaintiff's claims against them (Doc. 14 at 11).

The Magistrate Judge recommended that all of Plaintiff's claims against Defendant DOL be dismissed, and that the following claims against the Union Defendants be dismissed:

- Counts 1-3 as to Defendants IA, Dean, McMillan, and Sample,
- Count 2 as to all Union Defendants, and
- Counts 9-10 as to all Union Defendants.

(Doc. 29 at 33.) The Magistrate Judge also recommended that Plaintiff not be afforded an opportunity to amend his complaint as to those claims because amendment would be futile. (Id. at 30-34.) Additionally, although Plaintiff failed to state a claim against the Union Defendants in Count 11, the Magistrate Judge allowed Plaintiff to amend that claim because it was unclear whether amendment as to the Union Defendants would necessarily be futile. (Id. at 33-34.) Plaintiff received the following instructions:

> Plaintiff is **DIRECTED** to submit a **single** Amended Complaint. . . . The Amended Complaint will supersede Plaintiff's original Complaint, [Cit.] and it must not incorporate any prior pleadings by reference. The Amended Complaint may only add allegations regarding Count 11 as to all Union Defendants. Plaintiff may also add allegations regarding the counts which the Union Defendants have not challenged.

(Id. at 34.) Instead, Plaintiff submitted a forty-six-page amended complaint including many new factual allegations. (Doc. 30.)

3

II. <u>PLAINTIFF'S NEWLY ASSERTED ALLEGATIONS</u>

Despite the Magistrate Judge's instruction that Plaintiff may only add allegations to the amended complaint regarding Count 11 and the counts the Union Defendants had not challenged (Doc. 29 at 34), Plaintiff added new allegations in his amended complaint which exceed that limitation. (<u>Compare</u> Doc. 1 at 15-17, <u>with</u> Doc. 30 at 24-25 (adding allegations to Count 2 regarding "work referral conditions").) Additionally, Plaintiff raises wholly new allegations against various Defendants in his supplementary response to the Union Defendants' Motion to Strike and/or Dismiss Portions of Plaintiff's Amended Complaint (Doc. 32). (<u>E.g.</u>, Doc. 34 at 2 (alleging that "Plaintiff has been ignored by co-workers" on March 9, 2023).)

> Under Federal Rule of Civil Procedure 15(a)(1),
>
> A party may amend its pleading once as a matter of course within:
> (A)   21 days after serving it, or
> (B)   If the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

"In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiff's time to amend "as a matter of course" has expired, and he therefore needs either the opposing parties'

4

consent or the Court's leave to file an amended complaint. See id. Accordingly, since Plaintiff has only obtained the Court's leave to add allegations regarding Count 11 and the counts the Union Defendants have not challenged, "[t]he Court will not consider [his] implicit requests to amend his pleading in the guise of" an amended complaint (Doc. 30) or a supplementary response to the Union Defendants' motion to strike (Doc. 34). Houston v. Adams, No. CV621-050, 2023 WL 387434, at *2 (S.D. Ga. Jan. 25, 2023); see also Young v. Rios, No. CIV-15-641-R, 2018 WL 2079509, at *2 n.2 (W.D. Okla. May 4, 2018) ("An objection to a Report and Recommendation is . . . not the correct forum to request leave to amend."). Absent compliance with Rule 15, the Court takes no action on Plaintiff's new allegations.

III. PLAINTIFF'S CLAIMS AGAINST DEFENDANT DOL

As discussed, the Magistrate Judge recommended that all of Plaintiff's Title VII and LMRDA claims against Defendant DOL be dismissed. (Doc. 29 at 27-30.) The Magistrate Judge explained that Plaintiff failed to state a Title VII claim against Defendant DOL because Plaintiff did not allege that Defendant DOL was his employer and because he did not name Defendant DOL in his Equal Employment Opportunity Commission ("EEOC") charge. (Id. at 27-28.) Additionally, Plaintiff failed to state a LMRDA claim against Defendant DOL because the United States has not waived its sovereign immunity under the statute and because Defendant DOL is

5

not a "labor organization." (Id. at 28-29.) Accordingly, the Magistrate Judge found that Plaintiff could not cure these deficiencies in an amended complaint and recommended that all claims against Defendant DOL be dismissed. (Id. at 31.)

Although Plaintiff did not explicitly object to this recommendation, his amended complaint contains allegations related to Defendant DOL. (Doc. 30 at 15 (detailing the "failure of the Department of Labor"); id. at 34 (alleging that Defendant DOL "has failed to secure and/or enforce the laws").) The Court charitably construes these allegations as objections to the Magistrate Judge's recommendation that Plaintiff's claims against Defendant DOL be dismissed. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L .Ed. 2d 1081 (2007) ("A document filed pro se is to be liberally construed . . . and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" (quotation marks and citations omitted)); Rameses v. U.S. Dist. Ct., 523 F. App'x 691, 694 (11th Cir. 2013) ("A federal court may recharacterize a pro se litigant's [filing] to create a better correspondence between the substance of the [filing] and its underlying legal basis."). However, none of the allegations in Plaintiff's amended complaint cure the deficiencies in Plaintiff's claims against Defendant DOL identified by the Magistrate Judge. (Doc. 30.) Accordingly, Plaintiff's construed objections regarding

Defendant DOL are **OVERRULED**, and Defendant DOL's motion to dismiss is **GRANTED**. (Doc. 19.) Thus, all of Plaintiff's claims against Defendant DOL are **DISMISSED**.

IV. PLAINTIFF'S TITLE VII CLAIMS IN COUNTS 1-3 AGAINST THE UNION DEFENDANTS

The Magistrate Judge recommended that Plaintiff's Title VII claims against Defendants McMillan, Sample, and Dean, contained in Counts 1-3 be dismissed. (Doc. 29 at 9-10.) He explained that Title VII prohibits employers from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin," and that Plaintiff failed to allege that Defendants McMillan, Sample, and Dean were his employers. (Id. at 9 (quoting 42 U.S.C. § 2000e-2(a)(1)).) Plaintiff's amended complaint includes allegations against Defendants McMillan, Sample, and Dean suggesting discriminatory behavior, which the Court charitably construes as objections to the Magistrate Judge's recommendation that his Title VII claims against them be dismissed. (Doc. 30 at 6, 38.) However, since none of the allegations even suggest that Defendants McMillan, Sample, or Dean were Plaintiff's "employer," those construed objections are **OVERRULED**, and his Title VII claims against Defendants McMillan, Sample, and Dean are **DISMISSED**.

The Magistrate Judge also recommended that Plaintiff's Title VII claims against Defendant IA be dismissed because Defendant IA was not named in Plaintiff's EEOC charge and Plaintiff did not meet his burden of explaining why IA "was not named and . . . demonstrat[ing] that the purposes of Title VII have been satisfied regardless of the omission." (Doc. 29 at 10-18, 14 (quoting Frazier v. Smith, 12 F. Supp. 2d 1362, 1369 (S.D. Ga. 1998).) The Court cannot discern allegations in Plaintiff's amended complaint indicating that Plaintiff named Defendant IA in his EEOC charge or that the purposes of Title VII are satisfied despite his failure to name Defendant IA pursuant to the Eleventh Circuit's analysis in Virgo v. Riviera Beach Assocs., Ltd., 30 F.3d 1350, 1359 (11th Cir. 1994). (Doc. 29 at 14; Doc. 30.) Counts 1-3 against Defendant IA are therefore **DISMISSED**.

Additionally, the Magistrate Judge recommended that Plaintiff's "hostile environment" claim in Count 2 be dismissed as to all Union Defendants because it is based on allegations not included in his EEOC charge. (Doc. 29 at 18 ("The Eleventh Circuit has 'noted that judicial claims are allowed if they "amplify, clarify, or more clearly focus" the allegations in the EEOC complaint, but has cautioned that allegations of new acts of discrimination are inappropriate.' " (quoting Gregory v. Ga. Dep't of Hum. Res., 355 F.3d 1277, 1279-80 (11th Cir. 2004))).) He noted that the closest Plaintiff came in his EEOC charge to alleging

that an adverse action was taken against him was that (1) a company terminated him after he did not timely complete classes and exams required by the company, and (2) his employer sent him to "another job that is more stressful." (Id. at 19-20 (citing Doc. 14, Attach. 1 at 2).) None of Plaintiff's "hostile environment" allegations in his initial complaint relate to the allegations in the EEOC charge. (Doc. 1 at 15-16.) And Plaintiff's amended complaint, charitably construed as an objection to the report and recommendation, does not connect the allegations in his initial complaint to the EEOC charge or otherwise cast doubt on the Magistrate Judge's analysis of those allegations. (Doc. 30.) Accordingly, Count 2 against the Union Defendants (Doc. 1 at 15-17) is **DISMISSED**.

V. PLAINTIFF'S LMRDA CLAIMS IN COUNTS 9-11 AGAINST THE UNION DEFENDANTS

The Magistrate Judge recommended that Plaintiff's LMRDA claim in Count 9 be dismissed. (Doc. 29 at 21, 32.) As the Magistrate Judge explained, Count 9 is based on 29 U.S.C. § 431, which falls under Title II of LMRDA. (Id. at 21 (citing Dole v. Loc. 427, Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO, 894 F.2d 607, 609 (3d Cir. 1990)).) The Magistrate Judge recommended dismissal of Count 9 because "[e]nforcement of [Title II] rests exclusively in the hands of the Secretary of Labor. . . . No private cause of action exists to enforce [Title II's] provisions." Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Brock,

9

783 F.2d 237, 241 (D.C. Cir. 1986). Plaintiff's amended complaint reasserts the same claim under Count 9 (Doc. 30 at 36-39), which the Court charitably construes as an objection to the Magistrate Judge's recommendation. The allegations in the reasserted claim, however, do not call the Magistrate Judge's determination regarding Count 9 into question. Accordingly, Count 9 is **DISMISSED**.

The Union Defendants also seek dismissal of Count 10, which Plaintiff based on 29 U.S.C. § 501(a) and (b) (Doc. 1 at 29), as to Defendants Local 709 and IA. (Doc. 14 at 8.) "Under [§] 501(b), an action may be brought against any 'officer, agent, shop steward, or representative' of any labor organization alleged to have violated the fiduciary duties imposed by [§] 501(a)." Frantz v. Sheet Metal Workers Union Loc. No. 73, 470 F. Supp. 223, 225-26 (N.D. Ill. 1979). Given this authority, the Magistrate Judge recommended that Count 10 be dismissed as to Defendants Local 709 and IA because "[o]n its face, [§ 501] does not apply, nor was it intended to apply to actions against employers or labor organizations." (Doc. 29 at 22 (quoting Aho v. Bintz, 290 F. Supp. 577, 579 (D. Minn. 1968)).) Plaintiff's reasserted Count 10, charitably construed as an objection, does suggest that the Magistrate Judge erred on this point. (Doc. 30 at 39-41.) Accordingly, Count 10 is **DISMISSED** as to Defendants Local 709 and IA.

The Union Defendants' partial motion to dismiss also sought dismissal of Count 10 as to Defendants McMillan, Sample, and Dean because Plaintiff did not meet the statutory prerequisites for filing a suit under 29 U.S.C. § 501(b). (Doc. 29 at 22 (citing Doc. 14 at 8).) The Magistrate Judge summarized the prerequisites to suit as follows:

> "One condition precedent is that the plaintiff made a request 'to sue or recover damages or secure an accounting or other appropriate relief,' and the union or its governing officers failed or refused to act on the request within a reasonable time." Gould on behalf of St. Louis – Kansas City Carpenters Reg'l Council v. Bond, 1 F.4th 583, 589 (8th Cir. 2021) (analogizing § 501(b)'s demand requirement to the demand requirement in a shareholder derivative suit); see also Int'l Union of Elec., Elec., Salaried, Mach. & Furniture Workers, AFL-CIO v. Statham, 97 F.3d 1416, 1419 (11th Cir. 1996) ("[A]n individual who wishes to sue for breach of an official's subsection 501(a) fiduciary duty must first request the union to proceed against the official."). Section 501(b) also provides that "[n]o such [judicial] proceeding shall be brought except upon leave of the court obtained upon verified application and for good cause shown[.]" 29 U.S.C. § 501(b); see also Coleman v. Brotherhood of Ry. & S.S. Clerks Freight Handlers, Exp. & Station Emp., 340 F.2d 206, 208 (2d Cir. 1965) (leave requirement "is clearly designed to protect union officials from unjust harassment").

(Id. at 22-23.) The Magistrate Judge found that Plaintiff failed to state a claim under Count 10 because he did not obtain the Court's leave to file suit "upon verified application and for good cause shown[.]" (Id. at 23 (quoting 29 U.S.C. § 501(b)).) The Magistrate Judge also concluded that Plaintiff should not be afforded an opportunity to amend his complaint as to this defect

11

because amendment would be futile, and he recommended that it be dismissed. (See id. at 32.)

In his amended complaint, Plaintiff included an "Application for Leave of Court," which requests leave to file a claim pursuant to 29 U.S.C. § 501(b). (Doc. 30 at 2 (Plaintiff "[d]eclare[s] . . . under penalty of perjury that the [foregoing] statements . . . are true and correct.").) Although the Magistrate Judge concluded that Plaintiff's failure to seek the Court's leave before filing suit rendered amendment of Count 10 futile, the Court has identified authority suggesting that Plaintiff's attempt to seek the Court's leave in his amended complaint could constitute a "verified application" under 29 U.S.C. § 501(b). See, e.g., Fonti v. Health Pros. & Allied Emps., No. 13-4231 (ES), 2015 WL 1523834, at *8 (D.N.J. Apr. 2, 2015) (finding that sworn documents certifying allegations in a second amended complaint can constitute "verification" under § 501(b)); see also Loretangeli v. Critelli, 853 F.2d 186, 192 (3d Cir. 1988) ("[T]he existence of 'good cause' may be discernible from the allegations of the verified complaint."). Accordingly, the Court **DECLINES TO ADOPT** the Magistrate Judge's recommendation that Count 10 be dismissed as to Defendants McMillan, Sample, and Dean. (Doc. 29 at 23-24.)

Plaintiff may reassert this claim in his amended complaint, discussed below.[2]

The Magistrate Judge also found that Plaintiff failed to state a claim against the Union Defendants under Count 11, which is based on 29 U.S.C. § 529. (Id. at 25.) Section 529 provides:

> It shall be unlawful for any labor organization, or any officer, agent, shop steward, or other representative of a labor organization, or any employee thereof to fine, suspend, expel, or otherwise discipline any of its members for exercising any right to which he is entitled under the provisions of this chapter. . . .

29 U.S.C. § 529. The Union Defendants argued that Count 11 should be dismissed because Plaintiff did not allege that they "fine[d], suspend[ed], expel[led], or otherwise discipline[d]" him within the meaning of the statute. (Doc. 14 at 9-10.) Although the Magistrate Judge agreed that Plaintiff did not allege that the Union Defendants took one of these actions against Plaintiff in the original complaint, he concluded that amendment would not necessarily be futile as to this claim and explained that Plaintiff could reassert the claim in an amended complaint. (Doc. 29 at 26-

---

[2] In addition to arguing that Count 10 should be dismissed as to the Union Defendants because Plaintiff failed to seek leave from the Court, the Union Defendants also argued that Plaintiff failed to satisfy § 501(b)'s demand requirement. (See Doc. 14 at 8-9.) The Magistrate Judge only addressed the leave requirement in the report and recommendation; he did not address the demand requirement. (See Doc. 29 at 22-24.) The Court makes no determination that Plaintiff's verified application demonstrates "good cause" to pursue Count 10 or that Plaintiff made a sufficient "demand" under 29 U.S.C. § 501(b). Defendants remain free to raise these challenges to Plaintiff's amended pleading, directed below.

13

27, 33.) Accordingly, Plaintiff may reassert Count 11 against the Union Defendants in his second amended complaint, discussed below.

VI.  PLAINTIFF'S OPPORTUNITY TO AMEND

In sum, Plaintiff's following claims are **DISMISSED**:

- All of Plaintiff's claims against Defendant DOL,
- Counts 1 and 3 as to Defendants IA, Dean, McMillan, and Sample,
- Count 2 as to all Union Defendants,
- Count 9 as to all Union Defendants, and
- Count 10 as to Defendants Local 709 and IA.

Given (1) the Magistrate Judge's finding that amendment of Count 11 as to the Union Defendants would not necessarily be futile (Doc. 29 at 33), (2) the Court declining to adopt the Magistrate Judge's recommended dismissal of Count 10 as to Defendants McMillan, Sample, and Dean, and (3) the limited scope of the Union Defendants' motion to dismiss (Doc. 14 at 11), the Court finds that affording Plaintiff an opportunity to submit a second amended complaint would promote efficiency in this case. Accordingly, Plaintiff is **DIRECTED** to file a **single** second amended complaint within 14 days from the date of entry of this order. The second amended complaint **SHALL NOT** reassert any of the claims dismissed by this order. As discussed above, the second amended complaint may assert Count 10 as to Defendants McMillan, Dean, and Sample only, and may assert Count 11 as to the Union Defendants only. The

second amended complaint may also assert claims asserted in the original complaint (Doc. 1) and the amended complaint (Doc. 30), which the Union Defendants have not yet challenged.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the report and recommendation as herein modified as the Court's opinion in this case. (Doc. 29.) Defendant DOL's motion to dismiss is **GRANTED** in its entirety, and all of Plaintiff's claims against Defendant DOL are **DISMISSED**. (Doc. 19.) The Union Defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART** (Doc. 14), and Plaintiff's following claims are **DISMISSED**:

- Counts 1 and 3 as to Defendants IA, Dean, McMillan, and Sample,

- Count 2 as to all Union Defendants,

- Count 9 as to all Union Defendants, and

- Count 10 as to Defendants Local 709 and IA.

Given Plaintiff's opportunity to amend as to Count 11, the Union

Defendants' request that Count 11 be dismissed is **DENIED AS MOOT**. (Doc. 14.) Plaintiff's deadline to file the second amended complaint, consistent with the instructions discussed above, is 14 days from the date of entry of this order.[3]

SO ORDERED this 31st day of March 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] Also before the Court are the Union Defendants' Motion for Extension of Time to Respond to Plaintiff's Amended Complaint, (Doc. 31) and Motion to Strike and/or Dismiss Portions of Plaintiffs' Amended Complaint (Doc. 32). Plaintiff responded in opposition to the motion to strike (Doc. 33) and supplemented his response (Doc. 34). Given the Court's direction for Plaintiff to file a second amended complaint, those motions are **DISMISSED AS MOOT**. (Docs. 31, 32); see also Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer part of the pleader's averments against his adversary." (internal quotation marks and citation omitted)).)

16