UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LUIS OMAR ALVAREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV422-087 |
| | ) |
| IRON WORKERS UNION | ) |
| LOCAL 709, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Luis Omar Alvarez filed an eleven-count Complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") (Counts 1-3) and the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 401, *et seq.* ("LMRDA") (Counts 4-11).  Doc. 1 at 14-33. Defendant United States Department of Labor (the "DOL") moved to dismiss all of Plaintiff's claims against it, doc. 19, and Defendants Iron Workers Union Local 709 ("Local 709"), International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers ("IA"), Eric Dean, William McMillan, and Derrick Sample (collectively, the "Union Defendants") moved to dismiss several of Plaintiff's claims against them, doc. 14 at 11.

1

The undersigned recommended that all of Plaintiff's claims against the DOL be dismissed, and that the following claims against the Union Defendants be dismissed:

- Counts 1-3 as to IA, Dean, McMillan, and Sample,
- Count 2 as to all Union Defendants, and
- Counts 9-10 as to all Union Defendants.

Doc. 29 at 33. The undersigned also recommended that Plaintiff not be afforded an opportunity to amend his Complaint as to those claims because amendment would be futile. *Id.* at 30-34. Additionally, although Plaintiff failed to state a claim against the Union Defendants in Count 11, the undersigned allowed Plaintiff to amend that claim because it was unclear whether amendment as to the Union Defendants would necessarily be futile. *Id.* at 33-34. Although the undersigned gave Plaintiff clear instructions to submit a single Amended Complaint which could only add allegations regarding Count 11 as to the Union Defendants and counts which the Union Defendants had not challenged, *id.* at 34, Plaintiff submitted a forty-six-page First Amended Complaint including many new factual allegations. *See generally* doc. 30.

The District Judge subsequently adopted the undersigned's Report and Recommendation ("R&R"), in part, and declined to adopt it, in part. Doc. 35 at 15. He dismissed the following claims:

- All of Plaintiff's claims against the DOL,[1]
- Counts 1 and 3 as to Defendants IA, Dean, McMillan, and Sample,
- Count 2 as to all Union Defendants,
- Count 9 as to all Union Defendants, and
- Count 10 as to Defendants Local 709 and IA.

*Id.* at 14. He also afforded Plaintiff an opportunity to submit a Second Amended Complaint, and gave Plaintiff the following instructions:

> . . . Plaintiff is **DIRECTED** to file a <u>single</u> second amended complaint within 14 days from the date of entry of this order. The second amended complaint **SHALL NOT** reassert any of the claims dismissed by this order. . . . [T]he second amended complaint may assert Count 10 as to Defendants McMillan, Dean, and Sample only, and may assert Count 11 as to the Union Defendants only. The second amended complaint may also assert claims asserted in the original complaint [cit.] and the amended complaint [cit.] which the Union Defendants have not yet challenged.

---

[1] The Clerk is **DIRECTED** to terminate DOL as a defendant on this case's docket.

*Id.* at 14-15 (citations omitted). Plaintiff filed his Second Amended Complaint after the Court extended his deadline to do so. *See* doc. 41-1 (Second Amended Complaint); doc. 40 at 2 (Court's extension Order).[2]

After Plaintiff filed his Second Amended Complaint, the Union Defendants filed a Motion to Dismiss Portions of Plaintiff's Second Amended Complaint. Doc. 42. The motion seeks to dismiss Counts 8 and 9 in the Second Amended Complaint, which were Counts 10 and 11, respectively, in the original Complaint and First Amended Complaint.[3] Plaintiff responded indicating that he "will file no opposition" to the Union Defendants' motion. Doc. 43 at 2. For the following reasons, the Court **RECOMMENDS** that the Union Defendants' unopposed Motion to Dismiss Portions of Plaintiff's Second Amended Complaint be

---

[2] Plaintiff attached his Second Amended Complaint, doc. 41-1, as an exhibit to a "Motion for Leave to Amend Complaint." Doc. 41. Since the Court directed Plaintiff to file a Second Amended Complaint, his motion for leave to file a Second Amended Complaint is **DISMISSED as moot**. Doc. 41. The Clerk is **DIRECTED** to redocket Plaintiff's Second Amended Complaint, doc. 41-1, in a new and separate docket entry, *nunc pro tunc* to the day it was filed (May 9, 2023).

[3] *Compare* doc. 41-1 at 35 (Second Amended Complaint Count 8), *with* doc. 1 at 29 (original Complaint Count 10), *and* doc. 30 at 39 (First Amended Complaint Count 10). *Compare* doc. 41-1 at 38 (Second Amended Complaint Count 9), *with* doc. 1 at 31 (original Complaint Count 11), *and* doc. 30 at 41 (First Amended Complaint Count 11).

**GRANTED**, doc. 42, and that Counts 8 and 9 of the Second Amended Complaint be **DISMISSED**.

Count 8 of the Second Amended Complaint, which has already been dismissed as to Local 709, IA, and DOL,[4] asserts a claim under 29 U.S.C. § 501(a) and (b).  *See* doc. 41-1 at 35-38.  "One condition precedent [to bringing suit under Section 501(b)] is that the plaintiff made a request 'to sue or recover damages or secure an accounting or other appropriate relief,' and the union or its governing officers failed or refused to act on the request within a reasonable time."  *Gould on behalf of St. Louis - Kansas City Carpenters Reg'l Council v. Bond*, 1 F.4th 583, 589 (8th Cir. 2021) (analogizing § 501(b)'s demand requirement to the demand requirement in a shareholder derivative suit); *see also Int'l Union of Elec., Elec., Salaried, Mach. & Furniture Workers, AFL-CIO v. Statham*, 97 F.3d 1416, 1419 (11th Cir. 1996) ("[A]n individual who wishes to sue for breach of an official's subsection 501(a) fiduciary duty must first request the union to proceed against the official.").  Section 501(b) also provides that "[n]o such [judicial] proceeding shall be brought except upon leave

---

[4] *See* doc. 35 at 14 (dismissing Count 10 as to Local 709 and IA, which has been reasserted in the Second Amended Complaint as Count 8).

5

of the court obtained upon verified application and for good cause shown[.]" 29 U.S.C. § 501(b); *see also Coleman v. Brotherhood of Ry. & S.S. Clerks*, 340 F.2d 206, 208 (2d Cir. 1965) (leave requirement "is clearly designed to protect union officials from unjust harassment").

The Union Defendants argue that Count 8 of the Second Amended Complaint should be dismissed in its entirety because Plaintiff's allegations are insufficient to establish that he made the prerequisite request "to sue or recover damages or secure an accounting or other appropriate relief," 29 U.S.C. § 501(b), or that any defendant refused his request. *See* doc. 42 at 2-3. As discussed, Plaintiff does not dispute that his allegations are insufficient to establish that he met Section 501(b)'s prerequisites to suit. *See* doc. 43 at 2. Accordingly, the Union Defendants' request to dismiss Count 8 of the Second Amended Complaint should be **GRANTED**. Doc. 42, in part.

The Court afforded Plaintiff an opportunity to amend the claim asserted in Count 9 of the Second Amended Complaint, which, as discussed, was Count 11 in the original and First Amended Complaints, as to the Union Defendants only. *See* doc. 35 at 14-15. Count 9 is based on 29 U.S.C. § 529, *see* doc. 41-1 at 38-40, which provides:

6

> It shall be unlawful for any labor organization, or any officer, agent, shop steward, or other representative of a labor organization, or any employee thereof to fine, suspend, expel, or otherwise discipline any of its members for exercising any right to which he is entitled under the provisions of this chapter. . . .

29 U.S.C. § 529. The Union Defendants argue that Count 9 should be dismissed because Plaintiff's allegations in the Second Amended Complaint are insufficient to establish that any defendant took any of the actions specified in Section 529 against him. *See* doc. 42 at 3-4 ("While Plaintiff's Second Amended Complaint may allege retaliatory acts, it does not allege any discipline, as the term is contemplated by § 529, issued against him by any Union Defendant for exercising his LMRDA rights."). Plaintiff does not oppose the Union Defendant's contention that his allegations are insufficient as to Count 9. *See* doc. 43 at 2. Accordingly, the Union Defendants' request to dismiss Count 9 of the Second Amended Complaint should be **GRANTED**. Doc. 42, in part.

## CONCLUSION

For the foregoing reasons, the Union Defendants' unopposed Motion to Dismiss Portions of Plaintiff's Second Amended Complaint should be **GRANTED**, doc. 42, and Counts 8 and 9 of Plaintiff's Second

7

Amended Complaint should be **DISMISSED**.  Plaintiff's motion at docket entry 41 is **DISMISSED as moot**.  Doc. 41.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED, REPORTED, AND RECOMMENDED**, this 9th day of June, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA